IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRADLEY V., § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-1504-B-BK |
| § | |
| COMMISSIONER, SOCIAL SECURITY § | |
| ADMINISTRATION, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, this appeal of the denial of Plaintiff's application for social security disability benefits is before the undersigned United States magistrate judge for findings and a recommended disposition. For the reasons that follow, the Commissioner's decision should be **REVERSED**, and this case should be **REMANDED** for further proceedings.

## I. BACKGROUND

### A. Procedural History

Plaintiff seeks judicial review of the Commissioner's final decision denying his applications for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act") and for supplemental security income under Title XVI of the Act. Doc. 1, *passim*. Plaintiff completed his applications in January 2020 and February 2020 respectively, alleging disability beginning in May 2013, based on anxiety and depression. Doc. 12-1 at 223-231, 249; Doc. 12-2 at 188 (noting Plaintiff's amended alleged onset date). His claim was

denied at all administrative levels, and he now appeals to this Court pursuant to 42 U.S.C. § 405(g).

### B. Factual Background

Plaintiff was 43 on his alleged onset date, has an 11th-grade education, obtained his GED, and previously worked as a sales associate for Kroger. Doc. 12-1 at 54, 248, 250; Doc. 12-2 at 188. Plaintiff's last relevant work ended in April 2009.[1] Doc. 12-1 at 249.

### C. The ALJ's Findings

In March 2023, an Administrative Law Judge (ALJ) found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date and had severe impairments of: (1) anxiety disorder; (2) major depressive disorder; and (3) bipolar II disorder. Doc. 12-2 at 191. The ALJ concluded, however, that none of Plaintiff's severe impairments, or any combination thereof, met or "medically equal[ed]" an impairment listed in the applicable regulations. Doc. 12-2 at 193. The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, subject to certain limitations:

> [Plaintiff] can frequently work at unprotected heights, in proximity to moving mechanical parts, and/or operating a motor vehicle. In understanding, remembering, and carrying-out instruction, he can perform simple, routine tasks. He can frequently interact with supervisors and/or co-workers, while he can occasionally do so with the public. In dealing with changes in work setting, he can make simple work-related decisions.

---

[1] The relevant evidence of the record is discussed *infra* in conjunction with the Court's consideration of the parties' pertinent arguments.

Doc. 12-2 at 196. Based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and, thus, Plaintiff is not disabled. Doc. 12-2 at 201-02.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner considers whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant's impairments are "severe"; (3) the claimant's impairment "meets or equals" one of the listings in the relevant regulations; (4) the claimant can still do his past relevant work; and (5) the impairment prevents the claimant from doing any other available work. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden on the first four steps. *Id.* (citation omitted). The burden then shifts to the Commissioner to "prove the claimant's employability." *Id.* (citation omitted).

The Court's review "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (quotation marks and citation omitted). The Court can neither "reweigh the evidence or substitute its judgment for the Commissioner's." *Id.* A finding that substantial evidence does not exist "is appropriate only

if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (citation omitted).

### III. ANALYSIS

Plaintiff first argues that the ALJ erred by failing to resolve a conflict between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT). Doc. 16 at 8-14. Because the Court finds that remand is warranted on this issue alone, Plaintiff's remaining arguments are not reached.

At step five of the sequential analysis, the ALJ bears the burden of identifying available jobs in the national economy that the claimant is capable of performing in spite of existing impairments. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The ALJ may rely upon a VE's testimony, along with other evidence, to establish the availability of jobs in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1566(e), 416.966(e). The ALJ may also consider the DOT, subject to the VE's more specific testimony regarding the effect of the claimant's limitations on her ability to perform specific work. *Carey*, 230 F.3d at 145. If an implied or indirect conflict exists between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony as long as the record reflects an adequate basis for doing so. *Id.* at 146. But if the conflict between the VE's testimony and the DOT is direct or obvious, the ALJ has the affirmative duty to identify and obtain a reasonable explanation for the conflict and to explain how it resolved the conflict in its decision. *See* SSR 00-4P, 2000 WL 1898704. When a direct and obvious conflict is not resolved or explained by the ALJ, the VE's testimony cannot constitute substantial evidence at step five, warranting reversal and remand. *Dell v. Berryhill*, No. 18-756-JWD-EWD, 2019 WL 4666353, at *12 (M.D. La. Aug. 29, 2019) (citing *Carey*, 230 F.3d at 145-46).

Here, the administrative record reflects that the ALJ relied on the VE's testimony in determining that Plaintiff is not disabled based on his ability to perform jobs available in the national economy. *See* Doc. 12-2 at 202 (considering the VE's testimony at this step of the sequential analysis). In doing so, the ALJ failed to acknowledge or resolve clearly apparent conflicts between the VE's testimony and the DOT, as raised by Plaintiff through cross-examination. While the Court of Appeals for the Fifth Circuit has not yet addressed this issue, Texas district courts previously have found that this kind of conflict, as explained in more detail *infra*, is "clearly apparent" and not harmless when left unresolved, justifying remand. *See, e.g.*, *Patrick v. Kijakazi*, No. SA-22-CV-716-XR-HJB, 2023 WL 6307748, at *4 (W.D. Tex. Aug. 18, 2023), *adopted by*, 2023 WL 6159819 (W.D. Tex. Sept. 21, 2023).

During the administrative hearing in the instant case, the VE testified that a hypothetical person with Plaintiff's RFC could perform three jobs—hospital cleaner, kitchen helper, and hospital dietary aide. Doc. 12-3 at 21-22. There is no dispute among the parties that the first two jobs have a reasoning level of two and the last has a reasoning level of three. *See* Doc. 16 at 11 (Plaintiff's brief admitting same); Doc. 18 at 2-3 (Defendant's brief admitting same). Reasoning level 2 requires a claimant to, *inter alia*, "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Dictionary of Occupational Titles*, 1991 WL 688702, app. C-III (4th ed. 1991). Plaintiff's RFC, however, restricted him to "simple, routine tasks." Doc. 12-2 at 196. Plaintiff's attorney inquired into this apparent inconsistency on cross-examination, asking the VE if "simple and routine" would preclude "all detailed written and oral instructions." Doc. 12-3 at 25. The VE answered affirmatively, and the ALJ asked no follow-up questions to clarify this clear conflict in the VE's testimony. Doc. 12-3 at 25-26. Consequently, the whole of the VE's testimony revealed a conflict between the VE's opinion and

5

the DOT.  Further, because the ALJ's decision at step five relied upon the VE's testimony, Doc. 12-2 at 202, this conflict required resolution and a reasonable explanation.  See SSR 00-4P, 2000 WL 1898704.

Defendant argues that no conflict exists between the VE's testimony and the DOT because courts in the Fifth Circuit have held that the capacity to perform jobs with a reasoning level of two is not inconsistent with an RFC limiting a claimant to "simple, routine tasks."  Doc. 18 at 4.  In support of this argument, Defendant primarily relies on *Powell v. Kijakazi*, No. 3:21-CV-02226-G-BH, 2023 WL 2563738 (N.D. Tex. Feb. 27, 2023) (Ramirez, J.), *adopted by*, 2023 WL 2563088 (N.D. Tex. Mar. 17, 2023) (Fish, J.).  That reliance is misplaced, however, since in *Powell*, no conflict was revealed through cross-examination and "[n]othing at the hearing appear[ed] to have triggered any reason for the ALJ to elicit a 'reasonable explanation' for any possible conflicts."  *Id.*

Again, in the instant case, the ALJ failed to resolve the conflict revealed in the VE's testimony regarding the salient issue.  See Doc. 12-3 at 25-26.  To be sure, the ALJ's general inquiry of whether there was a conflict between the VE's testimony and the DOT was insufficient to do so.  Doc. 12-3 at 22; *Patrick*, 2023 WL 6307748 at *5; *Ambriz v. Kijakazi*, No. 5:20-CV-00727-RBF, 2022 WL 855987, at *9 (W.D. Tex. Mar. 23, 2022) ("That cursory procedure doesn't even identify or acknowledge the conflict at issue.  It also doesn't comply with SSR 004-p, once a significant issue like this requiring further investigation is identified.") (citation omitted).  Nor does the ALJ's general statement in his decision that "the VE's testimony is consistent with the information contained in the DOT."  Doc. 12-2 at 202; *see Patrick*, 2023 WL 6307748 at *5 ("Nowhere in the ALJ's decision is there justification for relying on the VE's

testimony, other than the general statement that the VE's testimony is consistent with the information in the DOT.").

The Court must nonetheless determine whether such error was prejudicial. *Graves v. Colvin*, 837 F.3d 589, 593 (5th Cir. 2016) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error.") (quoting *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012)). An error is harmless only "when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

In this case, the ALJ's failure to resolve the conflict in the VE's testimony and the DOT based on the ALJ's RFC limitation of "simple, routine tasks" resulted in clear prejudice to Plaintiff. Plaintiff was found not disabled based on the VE's testimony that he could perform other work in the national economy, specifically, the jobs of a hospital cleaner and kitchen helper—the ultimate issue here. Doc. 12-2 at 202; *see also* Doc. 12-2 at 202 ("Based on the testimony of the VE . . . ."). At bottom, absent resolution of this conflict in the record evidence, the Court cannot conduct a meaningful review. *Patrick*, 2023 WL 6307748, at *6; *Ambriz*, 2022 WL 855987, at *9.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision should be **REVERSED**, and this case should be **REMANDED** for further proceedings.

**SO RECOMMENDED** on August 23, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).